Michael J. McCue
Nevada Bar No. 6055
MMcCue@LRRLaw.com
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV  89169-5996
702.949.8200 (tel.)
702.949-8398 (fax)

Attorneys for Plaintiff
CityCenter Land, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CITYCENTER LAND, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>VDARA SPA, a business organization, and PATCHA BOONPOOM, an individual,<br><br>Defendants. | **CASE NO.:** 2:14-cv-1361<br><br>**COMPLAINT** |

For its Complaint against Defendants VDARA SPA and PATCH BOONPOOM (together "Defendants"), Plaintiff CityCenter Land, LLC ("Plaintiff") alleges the following:

**NATURE OF THE ACTION**

1.  This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125 and the common law. This action is based upon the Defendants' unauthorized and unlawful use in commerce of Plaintiff's federally registered VDARA trademark in connection with Defendants' operation of the VDARA SPA in Sherman Oaks, California. In this action, Plaintiff seeks injunctive relief as well as damages, attorneys' fees and costs.

///

## JURISDICTION

2. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, because Plaintiff's claims arise under the federal trademark laws.

3. This Court has personal jurisdiction over Defendants. Defendants purposefully, willfully, and/or intentionally infringed upon Plaintiff's VDARA trademark. Plaintiff's VDARA trademark is a coined term, not an existing English word. Defendants' adoption and use of the VDARA mark constitutes express targeting of the Plaintiff in Nevada. Upon information and belief, Defendants knew that Plaintiff is located in Nevada. Upon information and belief, Defendants knew that Plaintiff would likely suffer any injury or harm resulting from the infringement in Nevada. Indeed, Defendants continued their infringement conduct despite notice from Plaintiff. Upon information and belief, Defendants have purposefully directed their tortious conduct and activities at Plaintiff in Nevada. Moreover, Plaintiff's claims alleged herein arise from such conduct and activities directed at Plaintiff in Nevada, namely, Defendants' willful infringement of Plaintiff's VDARA trademark. In addition, the exercise of personal jurisdiction over Defendants is reasonable.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because jurisdiction is not founded solely on diversity of citizenship and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, or a substantial part of property that is the subject of this action, is situated in this judicial district.

## PARTIES

5. Plaintiff CityCenter Land, LLC (defined above as "Plaintiff") is a Nevada limited liability company whose principal place of business is located in Las Vegas, Nevada.

6. Defendant VDARA SPA ("VDARA SPA") is the business currently operating at 15123 Ventura Boulevard, Sherman Oaks, California, 91403.

7. Defendant Patcha Boonpoom ("Boonpoom"), upon information and belief, is the individual who owns, operates, and/or controls VDARA SPA.

///

///

## GENERAL ALLEGATIONS

### Plaintiff and Its Federally Registered Trademark

8. Plaintiff is an affiliate of MGM Resorts International, the publicly traded Delaware corporation that co-owns Plaintiff with Dubai World. Plaintiff owns and operates the massive, multi-use, urban complex on the Las Vegas Strip known as "CityCenter." The CityCenter project includes the Vdara Hotel & Spa, an all-suite, non-gaming, smoke-free, eco-friendly, boutique retreat. The Vdara Hotel & Spa offers a wide variety of premium goods and services to hotel patrons, including, without limitation, spa services such as personalized massages, body treatments, and skincare treatments that leave patrons feeling naturally refreshed, healthy and thoroughly serene.

9. Since at least December 15, 2009, Plaintiff has used the VDARA trademark to identify, operate, and advertise the goods and services offered for sale and sold by Plaintiff at the Vdara Hotel & Spa.

10. On August 30, 2006, Plaintiff filed Application Serial No. 78/964,409 with the United States Patent & Trademark Office (the "USPTO") to register the VDARA mark on the Principal Register of Trademarks for use in International Class 44 in connection with "Beauty salons, health spa services, namely, cosmetic body care services; Health spa services for health and wellness of the body and spirit offered at a health resort; [and] Flower arranging."

11. On March 30, 2010, the USPTO granted Plaintiff's application to register VDARA and issued United States Trademark Registration No. 3,769,459 to Plaintiff for use of the VDARA mark in connection with: "Beauty salons, health spa services, namely, cosmetic body care services; Health spa services for health and wellness of the body and spirit offered at a health resort; [and] Flower arranging."

12. Plaintiff's federal trademark registration for the VDARA mark is valid and subsisting, and has not been abandoned, cancelled, or revoked.

13. Plaintiff uses the VDARA mark in a wide variety of ways to advertise and promote the goods and services offered at the Vdara Hotel & Spa, including, by using VDARA on the exterior of the hotel and spa, on the <vdara.com> website, in print ads, television and radio ads, on

-3-

billboards and other signage, in digital and social media, on brochures, and in other publications, marketing materials, and advertisements.

14. Plaintiff has spent millions of dollars advertising, marketing, and promoting its goods and services under the VDARA mark since at least December 15, 2009. As a result, Plaintiff has developed substantial goodwill, fame, and recognition in the VDARA mark, and consumers associate the VDARA mark exclusively with Plaintiff.

15. Based on its federal trademark registration and its common law rights, Plaintiff owns the exclusive right to use the VDARA mark for beauty salon and spa services in the United States.

**The Defendants' Infringing Conduct**

16. Upon information and belief, Defendants adopted the VDARA mark in or around 2012, and have been using the VDARA mark in commerce to advertise, offer to sell, and sell spa services at 15123 Ventura Boulevard in Sherman Oaks, California.

17. Defendants are advertising their spa on the Internet, including through Yelp!

18. The Defendants' operation of a spa using the VDARA mark, a mark that is identcial to Plaintiff's VDARA mark, to provide the same or similar services as those provided by Plaintiff, namely, beauty salon and spa services, is likely to confuse consumers as to the source or origin of Defendants' goods and services or as to whether an affiliation, connection or relationship exists between Plaintiff and Defendants.

19. On June 3, 2013, Plaintiff's counsel sent a cease and desist letter to Boonpoom demanding that Boonpoom immediately cease and desist from any and all use of the VDARA mark or any confusingly similar marks, and provide a written response to Plaintiff's counsel by June 15, 2013.

///

///

///

///

///

-4-

20. On June 19, 2013, a person named Sitapa Doungnetre ("Doungnetre") sent an email to Plaintiff's counsel. The email states the following:

> Attention Michael J. McCue
>
> I am writing to you in response to a Cease and Desist letter that was sent to 15123 Ventura Blvd, Sherman Oaks, CA 91403.
>
> The letter was opened today, 6/19. I do apologize for any inconvenience this has caused.
>
> When the business was named, the local government office approved the name. The owners had no knowledge of trademark infringements and were not aware they were doing anything wrong by using this name, "VDARA".
>
> They will at once cease using this name, and will take appropriate measures to change the name of their spa.
>
> They do have a few questions.
>
> 1. Do they have to change the DBA name that the business is filed under?
>
> 2. OR, do they just have to take down any advertisements and name associations that are in and around the place of business?

21. On June 19, 2013, Plaintiff's counsel responded, stating:

> Thanks for the response. They need to change all uses of the name, including signage, advertising, telephone listings, domain names, fictitious business filings, etc. Can you provide me with the expected date for completion of making these changes and then, once the changes are made, provide written confirmation of compliance? Thanks. Michael.

(*Id.*)

22. On June 20, 2013, Doungnetre sent an email to Plaintiff's counsel. The email states the following:

> Micheal, [sic]
>
> Why did the city allow them to use the DBA is this is the case?
>
> Again they had no idea.
>
> I will speak with them tomorrow morning regarding the date of completion and get back to you.

(*Id.*)

23. Plaintiffs' counsel did not receive any further response from Doungnetre or from Defendants.

24. On July 15, 2013, Plaintiff's counsel sent another cease and desist letter to Boonpoom demanding that Boonpoom immediately cease and desist from any and all use of the VDARA mark or any confusingly similar marks, and provide a written response to Plaintiff's counsel by July 25, 2013. Defendants failed to respond.

25. At all times, Defendants have intended to trade off of the substantial goodwill and reputation Plaintiff has generated through its use of the VDARA mark in commerce. Accordingly, Defendants have intentionally and willfully infringed Plaintiff's VDARA mark.

26. At no time has Plaintiff consented to or licensed Defendants to use Plaintiff's VDARA mark in commerce.

**COUNT I**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114(a))

27. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

28. Plaintiff has been using the VDARA trademark in commerce in connection with: "Beauty salons, health spa services, namely, cosmetic body care services; Health spa services for health and wellness of the body and spirit offered at a health resort; [and] Flower arranging," since at least December 15, 2009.

29. Plaintiff's use of its VDARA mark in commerce predates Defendants' use of the VDARA mark in commerce.

30. Given Plaintiff's longstanding use of its VDARA mark in commerce in connection with beauty salon and spa services, the Defendants' use of the VDARA mark in connection with a spa offering spa services constitutes a reproduction, copying, counterfeit, and/or colorable imitation of Plaintiff's VDARA mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

31. The Defendants' unlawful use of Plaintiff's VDARA mark in commerce has, at all times, been willful, deliberate, and intentional. The Defendants' use of Plaintiff's VDARA mark in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in its VDARA mark.

32. The Defendants' unlawful use of Plaintiff's VDARA mark in commerce constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT II**
(Unfair Competition under
the Lanham Act, 15 U.S.C. § 1125(a))

34. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35. The Defendants are selling, and/or offering to sell beauty salon and spa services under the VDARA mark.

36. The Defendants' use of the VDARA mark is a false designation of origin which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' health and health-related goods and services by Plaintiff.

37. The Defendants' use of Plaintiff's VDARA mark in commerce has, at all times, been willful, deliberate, and intentional. The Defendants' use of Plaintiff's VDARA mark in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in its VDARA mark.

38. The Defendants' use of the VDARA mark in commerce constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants have used in connection with goods and services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, and approval of Defendants' health and health-related goods, services, and commercial activities by Plaintiff.

///

///

39. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III

(Common law trademark infringement)

40. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

41. Plaintiff has been using the VDARA trademark in commerce in connection with: "Beauty salons, health spa services, namely, cosmetic body care services; Health spa services for health and wellness of the body and spirit offered at a health resort; [and] Flower arranging," since at least December 15, 2009.

42. As a result, Plaintiff owns valid and protectable common law rights in the VDARA mark.

43. Plaintiff's use of its VDARA mark in commerce predates Defendants use of the VDARA mark in commerce.

44. Given Plaintiff's longstanding use of its VDARA mark in commerce in connection with beauty salon and spa services, the Defendants' use of the VDARA mark in connection with a spa offering spa services constitutes a reproduction, copying, counterfeit, and/or colorable imitation of Plaintiff's VDARA mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

45. The Defendants' use of Plaintiff's VDARA mark in commerce has, at all times, been willful, deliberate, and intentional. The Defendants use of Plaintiff's VDARA mark in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in its VDARA mark.

46. The Defendants' use of Plaintiff's VDARA mark in commerce constitutes common law trademark infringement.

///

///

47. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT IV
(Common law unfair competition)

48. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

49. Plaintiff has used its VDARA mark for several years to identify its spa-related goods and services and to distinguish them from those made and sold by others, by, among other things, prominently displaying the VDARA mark in connection with the offering of Plaintiff's spa-related goods and services.

50. Plaintiff has prominently displayed its VDARA mark on signage, letterheads, bills, direct mail advertising, radio and television advertising, telephone directory advertising, and in periodicals distributed throughout the United States, and has used its VDARA mark in connection with the <vdara.com> domain and website.

51. Plaintiff's goods, services, and advertising have been distributed and offered in the trade area where Defendants are doing business.

52. As a result of Plaintiff's sales and advertising under its VDARA mark the VDARA mark has developed and acquired a secondary and distinctive trademark meaning to purchasers in Defendants' trading area.

53. Plaintiff's VDARA mark has come to indicate to purchasers of beauty salon and spa services a meaning of high quality originating only with Plaintiff.

54. As a result of the association by purchasers of the VDARA mark with Plaintiff, Defendants' use of the VDARA mark is likely to cause confusion of said purchasers.

55. The Defendants' use of Plaintiff's VDARA mark in commerce has, at all times, been willful, deliberate, and intentional. The Defendants use of Plaintiff's VDARA mark in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill Plaintiff has developed in its VDARA mark.

56.     The Defendants' use of the VDARA mark constitutes unfair competition under the common law.

57.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in its favor and against Defendants, and that the Court:

A.     Enter a temporary, preliminary, and/or permanent injunction, pursuant to 15 U.S.C. § 1116(a), prohibiting the Defendants and their respective officers, agents, servants, employees, and/or all other persons acting in concert or participation with them, from using the VDARA mark, or any confusingly similar variations thereof, in commerce;

B.     Enter an order prohibiting Defendants from seeking to register the VDARA mark, or any confusingly similar mark, with the United States Patent and Trademark Office;

C.     Enter an order awarding Plaintiff compensatory, consequential, statutory, and/or exemplary damages in an amount to be determined at trial;

D.     Enter an order awarding Plaintiff reasonable attorneys' fees under the Lanham Act;

E.     Enter an order awarding Plaintiff its costs incurred in connection with this matter; and

F.     Enter an order awarding Plaintiff such other and further relief as the Court deems just and equitable.

DATED: this 20th day of August, 2014.

        LEWIS ROCA ROTHGERBER LLP

        By: /s/ Michael J. McCue
        Michael J. McCue
        Jonathan W. Fountain
        3993 Howard Hughes Parkway, Suite 600
        Las Vegas, NV 89169-5996

        Attorneys for Plaintiff
        CityCenter Land, LLC