Michael J. McCue
Nevada Bar No. 6055
MMcCue@LRRLaw.com
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV  89169-5996
702.949.8200 (tel.)
702.949.8398 (fax)

Attorneys for Plaintiff
CityCenter Land, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CITYCENTER LAND, LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>      vs.<br><br>VDARA SPA, a business organization, and PATCHA BOONPOOM, an individual,<br><br>            Defendants. | Case No. 2:14-cv-1361 –GMN-VCF<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR EXTENSION OF TIME TO SERVE THE SUMMONS AND COMPLAINT**<br><br>**(First Request)** |

5201668_1

Pursuant to Federal Rule of Civil Procedure 6(b) and District of Nevada Local Rule 6-1, Plaintiff CityCenter Land, LLC ("Plaintiff") hereby moves the Court to extend the time for Plaintiff to effect service of the Summons and Complaint upon Defendants Vdara Spa and Patcha Boonpoom.   This motion is supported by the following points and authorities, by the accompanying Declaration of Michael J. McCue, and by any oral argument the Court may require or allow.

## PRELIMINARY STATEMENT

This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125 and the common law. This action is based upon the Defendants' unauthorized and unlawful use in commerce of Plaintiff's federally registered VDARA trademark in connection with Defendants' operation of the VDARA SPA in Sherman Oaks, California. In this action, Plaintiff seeks injunctive relief as well as damages, attorneys' fees and costs.

## STATEMENT OF FACTS

Plaintiff CityCenter Land, LLC (defined above as "Plaintiff") is a Nevada limited liability company whose principal place of business is located in Las Vegas, Nevada.   (Compl. ¶ 5.) Defendant VDARA SPA ("VDARA SPA") is the business currently operating at 15123 Ventura Boulevard, Sherman Oaks, California, 91403.   (*Id*. ¶ 6.)   Defendant Patcha Boonpoom ("Boonpoom"), upon information and belief, is the individual who owns, operates, and/or controls VDARA SPA.  (*Id*. ¶ 7.)

### Plaintiff and Its Federally Registered Trademark

Plaintiff is an affiliate of MGM Resorts International, the publicly traded Delaware corporation that co-owns Plaintiff with Dubai World.  (Compl. ¶ 8.)  Plaintiff owns and operates the massive, multi-use, urban complex on the Las Vegas Strip known as "CityCenter."  (*Id*.)  The CityCenter project includes the Vdara Hotel & Spa, an all-suite, non-gaming, smoke-free, eco-friendly,  boutique retreat.  (*Id*.)  The Vdara Hotel & Spa offers a wide variety of premium goods and services to hotel patrons, including, without limitation, spa services such as personalized massages, body treatments, and skincare treatments that leave patrons feeling naturally refreshed,

5201668_1

3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

healthy and thoroughly serene.  (*Id*.)

On August 30, 2006, Plaintiff filed Application Serial No. 78/964,409 with the United States Patent & Trademark Office (the "USPTO") to register the VDARA mark on the Principal Register of Trademarks for use in International Class 44 in connection with "Beauty salons, health spa services, namely, cosmetic body care services; Health spa services for health and wellness of the body and spirit offered at a health resort; [and] Flower arranging."  (Compl. ¶ 10.)

Since at least December 15, 2009, Plaintiff has used the VDARA trademark to identify, operate, and advertise the goods and services offered for sale and sold by Plaintiff at the Vdara Hotel & Spa.  (Compl. ¶ 9.)

On March 30, 2010, the USPTO granted Plaintiff's application to register VDARA and issued United States Trademark Registration No. 3,769,459 to Plaintiff for use of the VDARA mark in connection with: "Beauty salons, health spa services, namely, cosmetic body care services; Health spa services for health and wellness of the body and spirit offered at a health resort; [and] Flower arranging."  (Compl. ¶ 11.)

Plaintiff's federal trademark registration for the VDARA mark is valid and subsisting, and has not been abandoned, cancelled, or revoked.  (Compl. ¶ 12.)

Plaintiff uses the VDARA mark in a wide variety of ways to advertise and promote the goods and services offered at the Vdara Hotel & Spa, including, by using VDARA on the exterior of the hotel and spa, on the <vdara.com> website, in print ads, television and radio ads, on billboards and other signage, in digital and social media, on brochures, and in other publications, marketing materials, and advertisements.  (Compl. ¶ 13.)

Plaintiff has spent millions of dollars advertising, marketing, and promoting its goods and services under the VDARA mark since at least December 15, 2009.  (Compl. ¶ 14.)  As a result, Plaintiff has developed substantial goodwill, fame, and recognition in the VDARA mark, and consumers associate the VDARA mark exclusively with Plaintiff.  (*Id*.)

Based on its federal trademark registration and its common law rights, Plaintiff owns the exclusive right to use the VDARA mark for beauty salon and spa services in the United States. (Compl. ¶ 15.)

**The Defendants' Infringing Conduct**

Defendants adopted the VDARA mark in or around 2012, and have been using the VDARA mark in commerce to advertise, offer to sell, and sell spa services at 15123 Ventura Boulevard in Sherman Oaks, California.  (Compl. ¶ 16.)  Defendants are advertising their spa on the Internet, including through Yelp!  (Compl. ¶ 17.)

The Defendants' operation of a spa using the VDARA mark, a mark that is identical to Plaintiff's VDARA mark, to provide the same or similar services as those provided by Plaintiff, namely, beauty salon and spa services, is likely to confuse consumers as to the source or origin of Defendants' goods and services or as to whether an affiliation, connection or relationship exists between Plaintiff and Defendants.  (Compl. ¶ 18.)

On June 3, 2013, Plaintiff's counsel sent a cease and desist letter to Boonpoom demanding that Boonpoom immediately cease and desist from any and all use of the VDARA mark or any confusingly similar marks, and provide a written response to Plaintiff's counsel by June 15, 2013.  (Compl. ¶ 19; McCue Decl. ¶ 3 & Ex. A.)

On June 19, 2013, a person named Sitapa Doungnetre ("Doungnetre") sent an email to Plaintiff's counsel.  (Compl. ¶ 20; McCue Decl. ¶ 4 & Ex. B.)  The email states the following:

Attention Michael J. McCue

I am writing to you in response to a Cease and Desist letter that was sent to 15123 Ventura Blvd, Sherman Oaks, CA 91403.

The letter was opened today, 6/19.  I do apologize for any inconvenience this has caused.

When the business was named, the local government office approved the name. The owners had no knowledge of trademark infringements and were not aware they were doing anything wrong by using this name, "VDARA".

They will at once cease using this name, and will take appropriate measures to change the name of their spa.

They do have a few questions.

1. Do they have to change the DBA name that the business is filed under?

2. OR, do they just have to take down any advertisements and name associations that are in and around the place of business?

(*Id.*)

3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER

On June 19, 2013, Plaintiff's counsel responded, stating:

> Thanks for the response.  They need to change all uses of the name, including signage, advertising, telephone listings, domain names, fictitious business filings, etc.  Can you provide me with the expected date for completion of making these changes and then, once the changes are made, provide written confirmation of compliance?  Thanks.  Michael.

(Compl. ¶ 21; McCue Decl. ¶ 5 & Ex. C.)

On June 20, 2013, Doungnetre sent an email to Plaintiff's counsel.  (Compl. ¶ 22; McCue Decl. ¶ 6 & Ex. D.)  The email states the following:

> Micheal, [sic]
>
> Why did the city allow them to use the DBA is this is the case?
>
> Again they had no idea.
>
> I will speak with them tomorrow morning regarding the date of completion and
>
> get back to you.

(*Id.*)

Plaintiffs' counsel did not receive a response from Doungnetre or from Defendants.  (Compl. ¶ 23; McCue Decl. ¶ 7.)

On July 15, 2013, Plaintiff's counsel sent another cease and desist letter to Boonpoom demanding that Boonpoom immediately cease and desist from any and all use of the VDARA mark or any confusingly similar marks, and provide a written response to Plaintiff's counsel by July 25, 2013.  (Compl. ¶ 24; McCue Decl. ¶ 8 & Ex. E.)  Neither Boonpoom nor Doungnetre responded.  (*Id.*)

At all times, Defendants have intended to trade off of the substantial goodwill and reputation Plaintiff has generated through its use of the VDARA mark in commerce.  (Compl. ¶ 25.)  Accordingly, Defendants have intentionally and willfully infringed Plaintiff's VDARA mark.  (*Id.*)

At no time has Plaintiff consented to or licensed Defendants to use Plaintiff's VDARA mark in commerce.  (Compl. ¶ 26.)

On October 25, 2014, Plaintiff's counsel sent a courtesy copy of the complaint to the Defendants along with a letter.  (McCue Decl. ¶ 9 & Ex. F.)

-5-

5201668_1

On October 25, 2014, Doungnetre represented to Plaintiff's counsel that the Defendants were interested in setting this case but that Defendants are in and out of the United States and not fluent in English.  (McCue Decl. ¶ 10.)  Since then, Plaintiff's counsel has been engaged in settlement discussions with the Defendants, through Doungnetre who Plaintiff's counsel believes is acting as an informal interpreter.  (*Id.*)  Settlement discussions have been productive and Plaintiff's counsel believes that the parties are close to reaching a settlement.  (*Id.*)  However, because the Defendants appear to be unfamiliar with the U.S. legal system, unsophisticated, not proficient in English, and unrepresented by counsel, Plaintiff's counsel believes that service of the Summons and Complaint at this time may actually derail ongoing, productive, settlement negotiations which are likely to soon result in the settlement of this case.  (*Id.*)

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure governs service of process in a civil action. *See generally*, Fed. R. Civ. P. 4.  Subpart (m) of the rule sets forth the time period during which service must occur.  *Id.*  It states, in relevant part, the following:

> Time Limit for Service.  If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 4(m) requires a two-step analysis in deciding whether to extend the time for service of the summons and complaint.  *In re Sheehan*, 235 F.3d 507, 512 (9th Cir. 2001).  First, upon a showing of good cause, the court must extend the time period.  *Id.*  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.  *Id.* "[A]t a minimum, 'good cause' means excusable neglect."  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).  In *Boudette*, the Ninth Circuit stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  *Id.* (citing *Hart v. United*

5201668_1

*States,* 817 F.2d 78, 80–81 (9th Cir. 1987)).  The Ninth Circuit has not articulated specific factors for a district court to apply when exercising its discretion in the absence of a showing of good cause.  *In re Sheehan*, 253 F. 3d at 512.  However, the court's discretion is broad.  *Id*.

## ARGUMENT

**I.    GOOD CAUSE EXISTS FOR GRANTING PLAINTIFF A 30-DAY EXTENSION OF TIME TO SERVE THE SUMMONS AND COMPLAINT.**

Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff has 120 days to serve the Summons and Complaint.  Fed. R. Civ. P. 4(m).  The Complaint was filed on August 20, 2014.  (Dkt. No. 1.)  Accordingly, under Rule 4(m), the Summons and Complaint must be served by December 18, 2014.

Plaintiff requests a modest 30-day extension of time to serve the Summons and Complaint.  Good cause exists for the requested extension for the following reasons.

First, the Defendants have received actual notice of the pendency of this action.  Plaintiff's counsel sent a courtesy copy of the complaint to the Defendants along with a letter.  (McCue Decl. ¶ 9 & Ex. F.)

Second, there is no indication that the Defendants would suffer any prejudice, whatsoever, and an extension of time will allow the parties to settle the case.  On October 25, 2014, Doungnetre represented to Plaintiff's counsel that the Defendants were interested in setting this case but that Defendants are in and out of the United States and not fluent in English.  (McCue Decl. ¶ 10.)  Since then, Plaintiff's counsel has been engaged in settlement discussions with the Defendants, through Doungnetre who Plaintiff's counsel believes is acting as an informal interpreter.  (*Id*.)  Settlement discussions have been productive and Plaintiff's counsel believes that the parties are close to reaching a settlement.  (*Id*.)  However, because the Defendants appear to be unfamiliar with the U.S. legal system, unsophisticated, not proficient in English, and unrepresented by counsel, Plaintiff's counsel believes that service of the Summons and Complaint at this time may actually derail ongoing, productive, settlement negotiations which are likely to soon result in the settlement of this case.  (*Id*.)

Third, if the Complaint were dismissed, Plaintiff would be prejudiced to the extent it would

LEWIS ROCA
ROTHGERBER

3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996

-7-

have to incur the additional time, expense, and burden of re-filing this action.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion and enter an order providing Plaintiff with an additional thirty (30) days (*i.e.*, until January 17, 2015) to serve the Defendants with the Summons and Complaint.

Dated: this 18th day of December, 2014.

LEWIS ROCA ROTHGERBER LLP

By: <u>/s/ Jonathan W. Fountain</u>
Michael J. McCue
Jonathan W. Fountain
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996

Attorneys for Plaintiff
CityCenter Land, LLC

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 12, 2015